to conceal the financial condition mentioned in the statute. But I am not able to concur in such a construction of those cases. In the Hanna Case there was evidence tending to show that entries were omitted with intent to conceal. In the Alvord Case the bankrupt was a man of intelligence, doing a large business, who substantially omitted to keep any books at all. In both these cases the facts authorized the inference of an actual intent to conceal the financial condition, and I have no doubt that such actual intent must be established in all cases. In re Garrison, 17 Am. Bankr. Rep. 832, 149 Fed. 178, 79 C. C. A. 126.

But I am not satisfied with the referee's conclusions as to the facts in this case. He heard and saw the witnesses, and that fact is entitled to great weight. But the evidence, particularly of the bankrupt and the bookkeeper, is very unsatisfactory, when read. Both of them, particularly the bookkeeper, should have been cross-examined closely on the question of the omission to make the entries. Here are seven large payments made to relatives and friends, mostly by cash. How and when and under what circumstances did the bankrupt notify the bookkeeper of such payments? What explanation has the bookkeeper to make for not entering them, if he had notice of them? I think these points should be explained, and, if not explained, that the claim of mere negligence in bookkeeping should be rejected.

The referee, at the end of his report, says that, in view of his decision on the charge contained in the first specification, he does not make any finding on the merits on the charge of the concealment of assets, contained in the second and third specifications. I think the case should be sent back to the referee to take any additional evidence that may be offered, and to report again upon the first specification, and on the merits upon the second and third specifications. I think it proper to add that it is preferable in all cases that the referee should pass on all the grounds of objection to discharge, so as to prevent the necessity of sending the case back, if the referee's conclusions on particular charges are not concurred in by the court.

---

In re KYTE.

(District Court, M. D. Pennsylvania. September 30, 1908.)

No. 1,035, in Bankruptcy.

BANKRUPTCY—PROVABLE CLAIMS—NOTE GIVEN BY BANKRUPT TO WIFE.
　　A note given by a bankrupt to his wife is provable against his estate, regardless of the consideration therefor, where it is not shown that the bankrupt was indebted at the time it was given.

In Bankruptcy. On certificate from E. Foster Heller, referee, sur exceptions to claim of Hattie S. Kyte.

W. H. Goodwin and F. C. Mosier, for exceptions.
O. F. Harvey, Jr., opposed.

ARCHBALD, District Judge. The claim of Hattie S. Kyte, the wife of the bankrupt, is based on a promissory note, with confession

of judgment, for $3,875, dated May 15, 1906, on which judgment was entered in the common pleas of Luzerne county to No. 114, October term, 1907. The consideration of this note is said to have been money received by Mrs. Kyte by gift from her father in his lifetime and loaned to her husband, being represented originally by a similar note, similarly entered, to No. 177, January term, 1880, for $1,245.42, this being subsequently replaced and continued by another note for $2,500, entered to No. 44, May term, 1898; each judgment being the amount of the preceding one, with interest added.

It appears by the record, however, that the first judgment in this series was satisfied, all but about $180, by a sheriff's sale of the personal property of Mr. Kyte, and that the second one was marked "Satisfied September 3, 1903"—there being nothing to indicate how this came about—which effectually disposes, as it is contended, of any such connection between these different judgments as is relied upon. It may be, upon this showing, if the present exceptants were creditors at the time the note in controversy was given, that the claim would have to be rejected; Mrs. Kyte being unable to furnish any very clear explanation of the transaction, so as to connect up the later judgments with the earlier ones. Stringent proof is required of a wife in Pennsylvania in a contest with her husband's creditors, which this hardly measures up to. But, whatever may be said of anything prior to the latest judgment, Mrs. Kyte is clearly able to carry back her claim to May 15, 1906, when the note upon which it is based was given to H. S. Robinson as her trustee, and even if it was a gift, and without consideration, it would be good, unless her husband was indebted at the time, which is not shown.

The referee was therefore right in sustaining the claim, and the exceptions are overruled.

---

FLANNELLY v. DELAWARE & H. CO.

(Circuit Court, M. D. Pennsylvania. September 30, 1908.)

No. 124, January Term, 1908.

RAILROADS—INJURY TO PERSON ON CROSSING—CONTRIBUTORY NEGLIGENCE.
Evidence *held* to warrant a finding by the jury that a plaintiff who was struck and injured while driving over a railroad crossing, was not chargeable with contributory negligence; her own testimony being that the train was not in sight when she drove upon the crossing and had given no signals, and it further appearing that she would have passed over in safety, but for the stopping or balking of her horse when the wagon was nearly off the track.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, §§ 1144–1149.]

At Law. On rule for judgment for defendant non obstante veredicto.

James H. Torrey, for the rule.
Paul J. Sherwood, opposed.